# DECISIONS

OF THE

# COURT OF APPEALS

## OF KENTUCKY.

WINTER TERM....1848.

## Commonwealth *vs* The Bank of Kentucky.

CHANCERY.

ERROR TO THE GENERAL COURT.

*Case* 1.

### *Taxation. Bank Stock.*

JUDGE BRECK delivered the opinion of the Court.

*December 5.*

THIS was a bill in chancery, exhibited by the Attorney General, on the part of the Commonwealth of Kentucky, against the President, Directors and Company and Cashier of the Bank of Kentucky, alleging an increase by the Bank, of her capital stock, under an act of the Legislature of 1842, and a failure to pay the tax thereon as required by law—praying a disclosure in regard to the alleged increase of capital, and that the Bank might be decreed to pay into the Treasury all arrearages of tax thereon.

The bill and its object.

The answer of the Bank denies that there had been any increase of its capital as charged, or any failure to pay into the Treasury all the tax imposed by law.

The answer of the Bank.

The General Court was of opinion that the complainant was not entitled to any relief, and accordingly dismissed the bill, and we think, correctly.

Decree of the General Court.

Vol. IX. 1

The 15th section of the act incorporating the Bank, required the annual payment of a tax or bonus of twenty five cents upon each $100 of stock held and paid for in said Bank, and reserved the right in the Legislature to increase this tax to fifty cents on each $100 of stock paid for in said Bank, and which was subsequently so increased.

In 1842, the Legislature, to enable the Bank to meet and cover the loss sustained by the fraudulent over issues of certificates of her stock, by the Cashier of the Schuylkill Bank of Philadelphia, passed an act authorizing the Bank to set apart all her undivided earnings and profits up to the 1st Jan., 1842, and all future savings and profits over five per cent. per annum, and to invest such portion of said fund as might be deemed advisable, in the stock of the Bank, at its current market price. The act also authorized the Bank to enlarge its capital stock, not exceeding one million of dollars, and to recognize any of the over issues of certificates in the hands of innocent purchasers to an equal amount. The act further provided, that the Bank might use the fund authorized to be set apart, in the purchase and withdrawal of as many shares of stock as would reduce the capital to the proper amount, irrespective of the over issues of certificates.

In virtue of this act, the Bank appears to have recognized all the certificates of stock, the spurious as well as the genuine, it being, in most instances, entirely impracticable to distinguish the one from the other. All the stock or certificates were then transferred or surrendered to the Bank, with an assignment by the holders, of all their recourse upon the Schuylkill Bank, and in lieu of the certificates thus surrendered, new certificates were issued.

But in this proceeding the Bank denies that the capital of the Bank was enlarged or increased—that nothing was paid upon the additional stock thus recognized by the Bank; that the fund which was authorized to be set apart to enable the Bank to meet the loss sustained by the over issues of certificates of stock, was not used in the proceedings, but was afterwards applied, under

that provision in the act of 1842, which authorized the purchase and withdrawal of the surplus shares or stock over the original capital remaining after the withdrawal of one million by the State of Kentucky. That stock had thus, from time to time, been purchased and withdrawn, to the amount of $1,266,400, leaving still outstanding, $52,100 of stock, over and above the $3,-700,000 of the original capital, which remained after the withdrawal of one million by the State. Upon these 521 shares of surplus stock, it does not appear that any thing has been paid into the Bank, and of course it adds nothing to its capital. Besides, the Bank seems still to be engaged in the effort to extinguish it.

As the record now stands, therefore, our conclusion is, that there has been no increase of the capital of the Bank, and that neither the letter nor spirit of the law will subject her to a tax upon more than $3,7000,000, or the original stock paid in.

Wherefore, the decree is affirmed.

*Johnson, Attorney General,* for Commonwealth.

which authorized
an increase of
tax by the State
of Ky.